1  DENISE M. VISCONTI, Bar No. 214168
   dvisconti@littler.com
2  VANI PARTI, Bar No. 308468
   vparti@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, California  92101.3577
   Telephone:  619.232.0441
5  Facsimile:   619.232.4302

6

7  ANGELA RAFOTH, Bar No. 241966
   LITTLER MENDELSON, P.C.
8  333 Bush Street, 34th Floor
   San Francisco, CA  94104
9  Telephone:  415.433.1940
   Fax No.:     415.399.8490

10 Attorneys for Defendant
   CALIBER HOME LOANS, INC.
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15

16 VICTORIA LYUBARSKY, on            Case No.  3:16-cv-06655-JD
   behalf of herself and all others
17 similarly situated,               **DECLARATION OF DENISE M.
                                     VISCONTI IN SUPPORT OF
18               Plaintiff,          DEFENDANT'S MOTION TO
                                     CONFIRM CLAUSE
19        v.                         CONSTRUCTION ARBITRATION
                                     AWARD**
20 CALIBER HOME LOANS, INC., a
   Delaware corporation; and DOES 1- Date:  December 20, 2018
21 50, inclusive,                    Time:  10:00 a.m.
                                     Judge:  Hon. James Donato
22               Defendants.         Courtroom:  11

23                                   NO ORAL ARGUMENT UNLESS
                                     REQUESTED BY THE COURT
24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(No. 3:16-cv-06655-JD)

I, Denise M. Visconti, do hereby declare and state:

1.      I am an attorney with the law firm of Littler Mendelson P.C., counsel of record for Defendant Caliber Home Loans, Inc. ("Caliber"). I make the following declaration on the basis of my own personal knowledge and could testify to the same if called as a witness in this matter.

2.      Attached as **Exhibit A** is a true and correct copy of the Declaration of Diana Sherwood and the supporting exhibit (Dispute Resolution Agreement) filed in support of Caliber's Rule 3 Clause Construction Briefing and Motion to Compel Arbitration.

3.      Claimant Victoria Lyubarsky ("Claimant") submitted her demand for class arbitration to the AAA on November 23, 2015, alleging that Caliber was not properly recording, and paying for, all of the time she worked. Attached hereto as **Exhibit B** is a true and correct copy of the Plaintiff's Arbitration Demand.

4.      On November 16, 2016, Claimant filed her Class Action Complaint entitled Lyubarsky, on behalf of herself and all others similarly situated, v. Caliber Home Loans, Inc., initiating this action in this Court. *See* ECF No. 1.

5.      On April 24, 2017, this Court compelled Claimant's claims to arbitration. *See* ECF No. 25 for the Hon. James Donato's April 24, 2017 Order.

6.      Beginning on May 30, 2017, the parties engaged in the process for appointing a mutually agreed upon arbitrator from AAA's list.

7.      On June 20, 2017, AAA provided preliminary disclosures from each of the listed arbitrators. After reviewing the preliminary disclosures, Caliber submitted its arbitrator preference list and on July 7, 2017, Claimant also submitted her list.

8.      On July 19, 2017, Arbitrator Mary S. Jones was designated as the neutral arbitrator as a result of the section process engaged in by both Parties. Attached hereto as **Exhibit C** is a true and correct copy AAA's letter confirming the appointment of Arbitrator Mary S. Jones.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.                              (No. 3:16-cv-06655-JD)

9.     On August 21, 2017, Arbitrator Jones held a preliminary hearing to discuss case management.  The Parties chose to explore mediation.  After mediation was unsuccessful, the Parties agreed that the Arbitrator should decide whether their contract authorized class arbitration and, on April 6, 2018, the parties exchanged Rule 3 Clause Construction Briefs.

10.     On April 18, 2018, the Parties exchanged Reply Briefs and oral argument regarding the Clause Construction of the Arbitration Agreement was held via telephone conference on April 25, 2018, during which the Parties agreed to continue the oral argument until after the U.S. Supreme Court issued its ruling with regard to class arbitration in the *Morris v Ernst & Young* case, Case No. 13-16599, 2016 WL 4433080 (9th Cir. August 22, 2016).

11.     After the U.S. Supreme Court issued its decision in *Epic Systems Corp. v. Lewis*, No. 16-285 (May 21, 2018), which included the *Morris v. Ernst & Young* case regarding enforceability of class and collective action waivers, the Parties filed additional briefing and concluded oral arguments on September 7, 2018.

12.     On October 16, 2018, Arbitrator Jones issued her reasoned decision regarding the Partial Final Clause Construction Award, in which she found the Parties' Arbitration Agreement did not intend or authorize arbitration to proceed on behalf of a class.  Attached hereto as **Exhibit D** is a true and correct copy of the Arbitrator's  Clause Construction Award ("Award") dated October 10, 2018.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 9th day of November, 2018 in San Diego, California.

*s/Denise M. Visconti*
Denise M. Visconti

FIRMWIDE:160012596.1 083429.1010

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3.                    (No. 3:16-cv-06655-JD)

# EXHIBIT A

DENISE M. VISCONTI, Bar No. 214168                    s
dvisconti@littler.com
VANI PARTI, Bar No. 308468
vparti@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone:     619.232.0441
Facsimile:     619.232.4302


ANGELA RAFOTH, Bar No. 241966
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:     415.433.1940

Fax No.:       415.399.8490

Attorneys for Defendant
CALIBER HOME LOANS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA LYUBARSKY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  3:16-cv-06655-JD<br><br>**DECLARATION OF DIANA SHERWOOD IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS JUDICIAL PROCEEDINGS OR IN THE ALTERNATIVE TO CONTINUE TO STAY THE ACTION**<br><br>Date:  April 20, 2017<br>Time:  10:00 a.m.<br>Judge:  Hon. James Donato<br>Courtroom:  11 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(No. 3:16-cv-06655-JD)

I, DIANA SHERWOOD, hereby declare and state:

1.     I am the Human Resources Manager at Caliber Home Loans, Inc. ("Caliber"). I have held my current position since October 2016.  In my capacity as Human Resources Manager, I have access to personnel records and data relating to current and former employees of Caliber, including Plaintiff Victoria Lyubarsky.  These records and data are kept and maintained in the ordinary course of business.  I have personal knowledge of the information set forth in this declaration based either on my personal experience or my review of pertinent personnel records and data.  If called and sworn as a witness, I could and would testify to the same.

2.     Caliber is a leading national residential mortgage company that originates and services home loans.  Caliber maintains approximately 250 retail locations throughout the United States.

3.     Caliber employs Loan Consultants in its various retail locations to maintain loan production at or above minimum loan volume and quality targets. Loan Consultants are also responsible for structuring loan applications and loan terms to meet the goals of Caliber and its clients.

4.     I am familiar with Caliber's online onboarding process, which includes Caliber's Dispute Resolution Agreement and I have knowledge of how Caliber's databases maintain acknowledgement records of employees who electronically signed the Arbitration Agreements.

5.     Pursuant to Caliber's personnel records and information stored in the regular course of business, I am aware that Ms. Victoria Lyubarsky ("Plaintiff") was employed with Caliber for two months: from June 10, 2013 to August 14, 2013, as a Loan Consultant at its branch office in Santa Monica, California.

6.     Plaintiff also executed and accepted the terms Caliber's Arbitration agreement prior to Plaintiff's start date, on April 4, 2013.  A true and correct copy of the Arbitration Agreement Plaintiff signed is attached hereto as Exhibit A.

7.     As part of Caliber's standard onboarding procedures, Plaintiff was explicitly advised to review the Arbitration Agreement before using her unique electronic identifier to sign the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.                    (No. 3:16-cv-06655-JD)

1   document to evidence her acceptance of its terms and Plaintiff was also provided the option of

2   printing the agreement so she could again review it and/or keep it for future reference.

3       8.    Following Plaintiff's hiring, Caliber changed the arbitration agreement that Loan

4   Consultants signed.   Beginning on or about July 24, 2013, Caliber's Arbitration Agreements

5   explicitly included a class action waiver.

6       I declare under penalty of perjury of the laws of the United States that the foregoing is true

7   and correct.  Executed this 9th day of March, 2017 in Irving, Texas.

8

9

10  DIANA SHERWOOD

11

12  Firmwide:146070051.1 083429.1010

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3.    (No. 3:16-cv-06655-LB)

**EXHIBIT A**
**TO THE DECLARATION OF DIANA SHERWOOD IN SUPPORT OF DEFENDANT'S**
**MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS JUDICIAL**
**PROCEEDINGS OR IN THE ALTERNATIVE TO CONTINUE TO STAY THE ACTION**

# Dispute Resolution Agreement

In consideration for being considered for employment or for being hired for new employment with Caliber Funding LLC or one of its affiliates, subsidiaries or parent ("Company"), both the Company and the individual named below ("Applicant") agree to resolve any and all disputes between them arising out of or in any way related to Applicant's application for employment with Company or, if hired, the employment relationship, including any disputes upon termination, by binding arbitration before a single neutral arbitrator as the sole and exclusive remedy of the parties. The disputes subject to this Agreement include, but are not limited to, all potential claims relating to employment and termination of employment, such as breach of contract, tort, discrimination, harassment, wrongful termination, demotion or discipline, failure to accommodate, denial of family and medical or pregnancy disability leave, compensation or benefits claims, constitutional claims and claims for violation of any local, state or federal law, statute, regulation or ordinance or common law to the fullest extent permitted by law. It includes all claims against any employee, officer, director, trustee, agent, benefit plan administrator, successor or assign of Company which arise out of or relate to their actions on behalf of Company. The parties understand that by entering into this Agreement, both parties are giving up their constitutional right to have any such dispute decided in a court of law, and if applicable, before a jury, and instead, agree to the use of binding arbitration pursuant to the procedures referenced in this Agreement.

Either party may exercise the right to arbitrate by providing the other party with written notice of any and all claims forming the basis of such right in sufficient detail to inform the other party of the substance of such claims. In no event shall the request for arbitration be made after the date when institution of legal or equitable proceedings based on such claims would be barred by the applicable statute of limitations.

The arbitration will be conducted in the city and state where the Applicant applied for employment with Company or, if hired, where the Applicant was last employed by Company and will be held before a single neutral arbitrator agreed upon by the parties. The arbitration will be governed and conducted in accordance with the then current rules of the American Arbitration Association ("AAA") for resolution of employment disputes (available on-line at www.adr.org). The parties are entitled to representation by an attorney or other representative of their choosing. The arbitrator shall have the power to enter any award that could be entered by a Judge of the state court or United States District Court where the arbitration is conducted, as applicable to the claim, and only such power, and shall follow the law. The award shall be issued in writing and state the essential findings and conclusions on which such award is based. The parties agree to abide by and perform any valid award rendered by the arbitrator, and judgment on the award may be entered in any court having jurisdiction thereof.

Company shall bear the costs of the arbitrator, forum and filing fees. Each party shall bear its own respective attorneys' fees and all other costs, unless otherwise required or allowed by law and awarded by the arbitrator.

In the event any provision of this agreement is found to be unenforceable by an arbitrator or court of competent jurisdiction, such provision shall be deemed modified to the extent necessary to allow enforceability of the provision as so limited, it being intended that the parties shall receive the benefit contemplated in this Agreement to the fullest extent permitted by law. If a deemed modification is not satisfactory in the judgment of such arbitrator or court, the unenforceable provision shall be deemed deleted, and the validity and enforceability of the remaining provisions shall not be affected thereby. The parties agree that this agreement shall be binding on, and inure to the benefit of, their successors, heirs and/or assigns. The parties further understand that nothing in this agreement is meant to contradict or invalidate the at-will employment relationship between the Company and the undersigned.

This Agreement constitutes the entire agreement between the parties relating to this subject matter and supersedes all prior or contemporaneous inconsistent agreements.

## Electronic Signature

 Password Verified 

Name: *victoria lyubarsky*
Date: 4/4/13 (m/d/yy)
Signature ID: 1V3HE7Q6F-R9HI7RP5U

Powered by Taleo ✕

# EXHIBIT B



**EMPLOYMENT ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

*Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879.*

**Mediation:** If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box ☑ .
There is no additional administrative fee for this service.

### Parties (Claimant)

| | |
|---|---|
| Name of Claimant: Victoria Lyubarsky | Representative's Name (if known): Shaun Setareh, Esq. |
| Address: *Claimant can be contacted through her Representative. Please see adjoining box.* | Firm (if applicable): Setareh Law Group |
| | Representative's Address: 9454 Wilshire Blvd, Suite 907 |

| City: Beverly Hills | State: CA | Zip Code: 90212 | City: Beverly Hills | State: CA | Zip Code: 90212 |
|---|---|---|---|---|---|
| Phone No.: 310 888 7771 | Fax No.: 310 888 0109 | | Phone No.: 310 888 7771 | Fax No.: 310 888 0109 | |
| Email Address: shaun@setarehlaw.com | | | Email Address: shaun@setarehlaw.com | | |

### Parties (Respondent)

| | |
|---|---|
| Name of Respondent: Caliber Funding LLC | Representative's Name (if known): James G. Bernald, Esq. |
| Address: 6031 Connection Dr, Suite 200, Irvine, TX 75039 | Firm (if applicable): Perkins Cole |
| | Representative's Address: 1888 Century Park East, Suite 1700 |

| City: Irving | State: TX | Zip Code: 75039 | City: Los Angeles | State: CA | Zip Code: 90067 |
|---|---|---|---|---|---|
| Phone No.: 888 426 7025 | Fax No.: N/A | | Phone No.: 310 788 9900 | Fax No.: 310 788 3399 | |
| Email Address: N/A | | | Email Address: JBernald@perkinscole.com | | |

Claim: What was/is the employee's annual wage range? ☐ Less than $100,000 ☐ $100,000-$250,000 ☑ Over $250,000
*Note: This question is required by California law.*

| Amount of Claim: **Amount to be determined.** | Claim involves: ☑ Statutorily Protected Rights ☐ Non-Statutorily Protected Rights |
|---|---|

In detail, please describe the nature of each claim. You may attach additional pages if necessary:

Plaintiff brings this class and representative action against Caliber Funding LLC for alleged violations of the Labor and Business and Professions Code.

Other Relief Sought: ☑ Attorneys Fees ☑ Interest ☑ Arbitration Costs ☑ Punitive/ Exemplary ☐ Other

Neutral: Please describe the qualifications for arbitrator(s) to hear this dispute:

**The arbitration has experience with class action lawsuits and the nature of the claims alleged by Plaintiff.**

| Hearing: Estimated time needed for hearings overall: | hours or 14 | days |
|---|---|---|

Hearing Locale: Santa Monica, CA (Location where claimant last employed by Employer)    ☐ Requested by Claimant ☑ Locale provision included in the contract

Filing Fee: ☐ Employer-Promulgated Plan fee requirement or $200 (max amount per AAA rules )
☐ Standard Fee Schedule for Individually-Negotiated Contracts ☐ Flexible Fee Schedule for Individually-Negotiated Contracts

Amount Tendered: Employer shall bear the costs of arbitration pursuant to the Dispute Resolution Agreement.

Notice: To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. Send the original Demand to the Respondent.

| Signature (may be signed by a representative): | Date: 11-23-15 |
|---|---|

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer promulgated plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1-877-528-0879. If you have any questions regarding the waiver of administrative fees, AAA Case Filing Services can be reached at 877-495-4185.

# EXHIBIT C



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

July 19, 2017

Shaun Setareh, Esq.
Setareh Law Group
9454 Wilshire Boulevard
Suite 711
Beverly Hills, CA 90212
Via Email to: shaun@setarehlaw.com

Denise Visconti, Esq.
Littler Mendelson
501 West Broadway
Suite 900
San Diego, CA 92101-3577
Via Email to: dvisconti@littler.com

Case Number: 01-15-0005-7822

Victoria Lyubarsky
-vs-
Caliber Funding, LLC

Dear Parties:

Inasmuch as there were no objections to the appointment of Mary Jones, her appointment is hereby confirmed.

The Arbitrator is available to conduct the Arbitration Management Conference on the following date and times:

July 27th at 8am, 10am or 11am

The parties are requested to advise the undersigned of their availability on or before July 21, 2017.

If, by that date the AAA does not receive a response, we will assume all dates and times are acceptable and the call will be set.

Thank you,

Jonathan J Weed
Manager of ADR Services
Direct Dial: (401) 431-4745
Email: jonathanweed@adr.org

cc:     Thomas Segal, Esq.

Vani Parti
Farrah Grant

# EXHIBIT D

American Arbitration Association

Employment and Class Arbitration Tribunal

| | |
|---|---|
| In the Matter of Arbitration Between:<br><br>Victoria Lyubarsky, on behalf of<br>herself and all others similarly situated,<br><br>     Claimant<br><br>vs.<br><br>Caliber Home Loans, Inc., a<br>Delaware corporation; and Does 1-50,<br><br>     Respondents. | Case No. 01-15-0005-7822 |

### Partial Final Clause Construction Award

I, the UNDERSIGNED ARBITRATOR, having been designated in accordance with an Arbitration Agreement, dated April 4, 2013 (the "Agreement"), and having been duly sworn, and having heard the allegations and arguments of the parties, do hereby issue this Partial Final Clause Construction Award:

Ms. Victoria Lyubarsky ("Claimant" or "Lyubarsky") and Caliber Home Loans, Inc., ( "Respondent" or "Caliber") have both moved for a Clause Construction Award pursuant to Rule 3 of the American Arbitration Association ("AAA") Supplemental Rules for Class Arbitrations ("Class Rules"). Ms. Lyubarsky is requesting a ruling that the Caliber arbitration agreement signed by her (the "Agreement") authorizes class arbitration. Respondent is requesting a ruling that the Agreement was not intended by the parties to include class action arbitration and Ms. Lyubarsky's claims should not be allowed to proceed on behalf of a class.

Rule 3 of the Class Rules provides in part:

> "Upon appointment the arbitrator shall determine as a threshold matter, in a reasoned partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award.")

The parties have submitted multiple rounds of briefs, memoranda, declarations and exhibits in support of their positions and in opposition to each other's positions. Oral argument was presented on April 25, 2018, and again on September 7, 2018.

### Nature of the Case and Procedural History

Caliber is a leading national mortgage company that originates and services loans with approximately 250 retail locations throughout the United States. (See Declaration of Denise M. Viscinti, and Exhibit 5 thereto, the Declaration of Diana Sherwood.)  Ms. Lyubarsky was employed with Caliber for about two months, June 10, 2013 to August 14, 2013, as a loan consultant at its branch office in Santa Monica, California. (See Sherwood Declaration at pg.1). There is no dispute that prior to her start date, on April 4, 2013, Ms. Lyubarsky executed and accepted the terms of Caliber's Arbitration Agreement, which is the Agreement that is the subject of this Award.  On November 23, 2015, Ms. Lyubarsky submitted a demand for class arbitration to the AAA, alleging Caliber misclassified her and other similarly situated employees as exempt employees and thereby failed to compensate them for overtime hours worked in violation of the California Labor and Business and Professions Code. (Ms. Lyubarsky's Demand for Arbitration (the "Demand")).

Thereafter, on November 16, 2016, Ms. Lyubarsky filed a class action complaint in the Northern District of California alleging some of the same California law claims as the Demand she previously had filed with the AAA. (Declaration of Thomas Segal, Exhibit C, to Complaint).  On April 24, 2017, the District Court compelled Ms. Lyubarsky's claims to arbitration.

On August 21, 2017, a preliminary hearing was held between the parties and the undersigned Arbitrator, wherein the parties chose to explore mediation for six months and if unsuccessful, would file briefs on the threshold issue of construction of the arbitration agreement to determine whether the Agreement between the parties permits arbitration to proceed on behalf of a class.  Thereafter, on April 6, 2018, the parties exchanged Rule 3 Clause Construction Briefs.  On April 18, 2018, the parties exchanged Reply Briefs.  Oral argument regarding the Clause Construction of the Arbitration Agreement commenced via telephone conference on April 25, 2018, during which the parties requested a continuance of the oral argument, until after the U.S. Supreme Court issued its ruling with regard to class arbitration in the Morris v Ernst & Young case, Case No. 13-16599, 2016 WL 4433080 (9th Cir. August 22, 2016).  The parties believed the outcome of Morris v. Ernst & Young and its related actions, would likely impact this case because Claimant had asserted that a class action waiver with no opt out right is unenforceable under the National Labor Relations Act ("NLRB") and if the final partial clause construction award in this case is not interpreted as permitting class action, such an award in this case would be unenforceable under the NLRB. (See Claimant's April 6, 2018 Brief at page 4).  The oral argument was therefore continued.

On May 21, 2018, the U.S. Supreme Court issued its decision in Epic Systems Corp. v. Lewis, No. 16-285 (May 21, 2018) which included the Morris v. Ernst & Young case regarding enforceability of class and collective action waivers, stating, among other things, that individualized arbitration proceedings do not violate the NLRB and that arbitration agreements must be construed in accordance with their terms.  See Epic Systems v. Lewis, Id. at slip at 2. Thereafter, the parties filed additional briefing and concluded oral arguments on September 7, 2018.  Submissions were received after oral arguments from Claimant on September 8, 2018 and reply on September 10, 2018 from Respondent, all of which have been received and considered by this arbitrator.

In accordance with Class Rule 3, following is the arbitrator's analysis and reasoned decision on the construction of the Arbitration Agreement for this Partial Final Clause Construction Award, which begins with a look at the specific terms of the parties' Agreement.

**The Arbitration Agreement**

2

The Agreement provides in relevant part as follows:

> In consideration for being considered for employment or for being hired for new employment with Caliber Funding LLC or one of its affiliates, subsidiaries or parent ("Company"), both the Company and the individual named below ("Applicant") agree to resolve any and all disputes between them arising out of or in any way related to Applicant's application for employment with Company or, if hired, the employment relationship, including any disputes upon termination, by binding arbitration before a single neutral arbitrator as the sole and exclusive remedy of the parties.

In addition to incorporating the procedures of the AAA, the Agreement also states:

> The disputes subject to this Agreement include, but are not limited to, all potential claims relating to employment and termination of employment … compensation or benefits claims, constitutional claims and claims for violation of any local, state or federal law, statute, regulation or ordinance or common law to the fullest extent permitted by law ... The parties understand that by entering into this Agreement, both parties are giving up their constitutional right to have any such dispute decided in a court of law, and if applicable, before a jury, and instead, agree to the use of binding arbitration pursuant to the procedures referenced in this Agreement.

Here, the Agreement provides the process by which the arbitration will be conducted:

> The arbitration will be conducted in the city and state where the Applicant applied for employment with the Company or, if hired, where the Applicant was last employed by the Company and will be held before a single neutral arbitrator agreed upon by the parties.

### Legal Analysis

The legal standard for determining if an arbitration contract allows for class arbitration is set forth in Stolt-Nielsen S.A. v. AnimalFeeds International Corp. 559 U.S. 662 (2010), and Oxford Health Plans LLC v. Sutter 133 S. Ct 2064 (2013) which states "Arbitration is a matter of consent" and a "party may not be compelled under the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. ("FAA") to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Stolt-Nielsen, supra, at 684. (quoted in Sutter, supra, at 2067.)  The Epic Systems, Id. cases, discussed the enforceability of class and collective action waivers and stated that "The policy may be debated but the law is clear; Congress has instructed that arbitration agreements like those before us must be enforced as written." Epic Systems, Id. at page 21.

Such an agreement can be explicit or implicit, but "an implicit agreement to authorize class action arbitration … is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate." Stolt-Nielsen, supra, at 685.

In <u>Stolt-Nielsen</u>, the parties stipulated both that their arbitration contract was silent regarding class arbitration, in that it did not contain any express mention of class action, and that they had not made any agreement, one way or the other, on the subject. Id. at 687 n.10.  Due to the later aspect of the stipulation, the Supreme Court did not decide what specific contractual elements were required to support a finding that the parties agreed to authorize class action arbitration, and courts and arbitrators have since grappled with clause construction issues in light of the Supreme Court's decision.[1]  Several of these authorities were cited in the parties' briefs and some are discussed below.

From <u>Sutter</u>, <u>supra</u>, at 2017, we know that omission of the specific words "class" or "class action" does not necessarily mean there was a lack of intent to authorize class arbitration because the rest of the language used may or may not point to an agreement that allows for class arbitration, but as long as there has been an interpretation of the whole arbitration contract, an arbitrator may conclude that, by itself, failure to refer expressly to class arbitration is not necessarily determinative of the parties' intent. <u>Jock v Sterling Jewelers, Inc.</u>, 646 F.3d 113, 124 (2d Cir 2001) cert denied.

The Supreme Court in <u>Stolt-Nielsen</u> acknowledged that questions of contractual interpretation are governed by state law.  559 U.S. at 681.  Interpretation of arbitration agreements under state law is consistent with the requirement of Section 2 of the FAA that arbitration agreements be enforced. <u>Sandquist v. Lebo Automotive, Inc.</u>, 1 Cal.5th 233, 243-44 (2016).  See also, <u>Jock v. Sterling</u>, supra, at 113, which indicates that although the FAA absolutely requires that the parties not be compelled … to submit to class arbitration unless there is a contractual basis for concluding that the parties agreed to do so; where the agreement contains what is argued to be an implicit agreement to submit to class arbitration, the arbitrator must necessarily look to state law principles of contract interpretation in order to decide whether such intent exists.

Under California law, contracts should be construed to carry out the intent of the parties.[2]  As the court stated in <u>Maggio v. Windward Capital Mgmt. Co.</u>, (2000) Cal. App.4th at 1215, a case involving interpretation of the arbitration agreement: "The fundamental goal of contractual interpretation is to give effect to the mutual intentions of the parties.  If contractual language is clear and explicit, it governs." See Cal. Civ. Code §§1636, 1639.  Where, as here, the question is whether a contract implicitly authorizes class arbitration, the arbitrator "must evaluate the entire contract in light of the contract language and the parties' reasonable expectations and, if appropriate make factual findings on disputed extrinsic evidence." <u>Truly Nolen of America v. Superior Court</u>, 208 Cal. App 4th 487, 516 (2012).

Where an agreement is ambiguous, it must be interpreted against the drafter. <u>Maggio v. Windward Capital Mgmt. Co.</u>, 80 Cal. App.4th at 1215; Cal. Civ. Code §1654 ("In cases of uncertainty not removed by the preceding rules, the language of the contract should be interpreted most strongly against the party who caused the uncertainty to exist.")

### Interpretation of the Agreement

Neither party has offered any extrinsic evidence of the parties' intentions regarding class arbitration.  Accordingly, interpretation of the Agreement must be based on the specific language of the

---

[1] The Agreement in this case is silent in the sense that it does not mention class arbitration explicitly and there was no stipulation between counsel on one way or the other on the subject.

[2] The Agreement was drafted, executed and performed in this state.

Agreement itself and the reasonable expectations of the parties at the time the Agreement was made. Stolt-Nielsen, Id and Epic Systems v. Lewis, Id.

Ms. Lyubarsky asserts the Agreement permits class arbitration because the language of Agreement broadly covers any employment related disputes by virtue of the words in the Agreement that state ''any and all disputes between them arising out of or in any way related to … the employment relationship … and all potential claims to employment" and the Agreement need not expressly refer to class arbitration to include class action claims and cites Vasquez v. ServiceMaster Global Holdings, Inc., 2011 WL 265574.  Caliber contends that the language of the Agreement covers only claims between Ms. Lyubarsky and Caliber, not other unnamed employees, thus requiring individual, not class action, claims.

Under California law, to have a valid contract, the parties must consent to the matter at issue. Cal. Civ. Code §§ 1550, 1565.  Furthermore, consent requires that the parties agree upon the same thing in the same sense.  Cal. Civ. Code § 1580.  The parties must manifest an intention, by their words and acts, to agree in regard to the matter in question.  Beard v. Goodrich, 110 Cal.App.4th 1031, 1040 (2003); The words of the contract itself are the primary manifestation of that intent, and the words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning. Cal. Civ. Code § 1644.

The words of the Agreement state: "both the Company and the individual named below ( "Applicant") agree to resolve any and all disputes between them arising out of or in any way related to Applicant's application for employment with Company or, if hired, the employment relationship, including any disputes upon termination, by binding arbitration before a single neutral arbitrator as the sole and exclusive remedy of the parties."

Claimant can point to no express authorization of class arbitration in the Agreement, there is none.  I find that the plain language of the Agreement demonstrates the parties' intent to limit arbitration to individual disputes only, specifically those between Ms. Lyubarsky and Caliber.  For class arbitration to be permitted here, I would have to read the defined term "Applicant" to mean something more than "the individual named below," as specified stated in the Agreement.  This reading would defy the popular, ordinary meaning of the contract terms and would impose additional parties and a class procedure, to which the parties did not agree. The language clearly and unequivocally states "the individual named below ("Applicant")" Ms. Lyubarsky and no one else.

I find that the Agreement refers to the "individual" who signed the Agreement and her employer only, not to other employees who have or may have claims against Caliber. This is supported by Kinecta Alternative Fin. Solutions v. Super. Ct., 205 Cal. App. 4th 506, 517-19 (2012) (holding that class arbitration was not permitted where the agreement referred only to the employee and her employer and "makes no reference to employee groups or to other employees") (overruled in part as to other grounds); and in Stolt-Nielsen where similar language did not expand the arbitration to include claims of parties beyond those who signed the agreement - employer and employee.  Although Claimant cites Galen v. Redfin Corp., ADRS 17-0015 JMT, 2017 WL 3311470, as precedent for finding an implied agreement to class arbitration, notwithstanding Kinecta, I find the distinctions therein unpersuasive, even if Galen v Redfin, Id., was considered precedent.[3]

---

[3] Both parties have cited clause construction awards in other arbitrations in support of their respective arguments. These awards are, of course, not binding in the present case, but have been considered for

Ms. Lyubarsky then asserts an indication of intent to allow class arbitration in a provision of the Agreement that gives the arbitrators "the power to enter any award that could be entered by a judge of the state court or the United States District Court." That argument is also lacking and unpersuasive in that class arbitration is not a remedy, it is a procedure that allows representatives to pursue claims on behalf of themselves and other similarly situated individuals. See the caption of this case. I find that the plain and ordinary meaning of this clause in the Agreement does not expand the "parties" whose claims may be asserted in an arbitration under the Agreement.

Ms. Lyubarsky next contends the Agreement is ambiguous on the issue of class arbitration and that this alleged ambiguity should be construed against Caliber. Ms. Lyubarsky contends that under California law, ambiguous provisions in contracts are construed against the drafter. Civil Code §1654, Sandquist, 1 Cal. 5th at 248. Although the arbitrator does not disagree, Ms. Lyubarsky has not pointed to specific language in the Agreement that is ambiguous. Instead, Ms. Lyubarsky's argument appears to be that the Agreement's broad arbitration clause combined with a failure to exclude, or mention, class arbitration creates an ambiguity that requires construction of the Agreement to permit class arbitration. (Claimant's Clause Construction Brief at page 10). Ms. Lyubarsky seems to argues that in California broad arbitration clauses that do not mention class arbitration are inherently ambiguous, requiring an interpretation that such agreements authorize class action. This interpretation conflicts with the rule established in Stolt-Nielsen Id, and Epic Systems v Lewis, Id, and would effectively eliminate Ms. Lyubarsky's burden of showing that the parties agreed to class arbitration. When interpreting agreements, the principle of construing any uncertainty against the drafter is not relevant or controlling, where there is no ambiguous language specifically identified. In addition, such principle of construction only applies if there is no other rule of construction to help the Arbitrator construe FAA agreements. It is only "[w]hen ambiguities … cannot be dispelled by application of the other rules of contract interpretation … [that] they are resolved against the drafter." Badie v. Bank of Amer., 67 Cal. App. 4th 779, 798 (1998) (citing Civil Code § 1654) The mere fact that the parties disagree regarding the interpretation of the Agreement at issue does not make the Agreement ambiguous and certainly, given the rules of construction addressed above, is an insufficient ground to leap to a construction against Caliber.

Nor does, silence on the issue of class arbitration equal ambiguity. Stolt-Nielsen, 559 U.S. at 685. Rather, "[c]ontract language is ambiguous only if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one." Ms. Lyubarsky raises no such issues and I find no ambiguity in the words of the Agreement.

Ms. Lyubarsky next asserts that the fact Caliber changed its arbitration agreement shortly after Ms. Lyubarsky signed her Agreement (Declaration of Sherwood) is powerful evidence that the Arbitration Agreement was ambiguous and as such, any ambiguity as to whether class arbitration is allowed must be construed against the Caliber. Arbitrators derive their authority from the agreement entered into by the parties to arbitrate. See Stolt-Nielsen, 130 S. Ct. at 1773. An arbitrator's power to resolve disputes is limited to the four corners of the arbitration agreement. Id. at 1773. Accordingly, the FAA requires arbitrators to enforce arbitration agreements according to their terms, with the primary

---

their persuasive value. I have reviewed these awards and find the reasoning of the awards cited by Caliber are largely consistent with the reasoning set forth above in this Clause Construction Award and that the awards cited by Ms. Lyubarsky are less persuasive than the awards cited by Caliber.

goal being to effectuate the intent of the parties. Id. at 1773, 1775. A later revised arbitration agreement signed by someone else says nothing about the parties' intent with respect to the Agreement in this case. Ms. Lyubarsky bears the burden of demonstrating that "her" Agreement authorizes class arbitrations. As such, the Arbitrator cannot rely upon any evidence of revisions made by Caliber to later versions of its arbitration agreements not executed by Ms. Lyubarsky. This argument is without merit.

The Agreement has other language suggesting that class arbitration was not intended. The last sentence of the first paragraph of the Agreement states "The parties understand that by entering into this Agreement, both parties are giving up their constitutional right to have any such dispute decided in a court of law, and if applicable before a jury, and instead, agree to the use of binding arbitration pursuant to the procedures referenced in this Agreement." The arbitrator believes that the Agreement's reference to "procedures referenced in this Agreement" is evidence of an intent to limit arbitration procedures to those arbitration procedures specifically referenced in the Agreement.

The procedures in the Agreement require that arbitration be held "before a single arbitrator" in "the city … where *the Applicant* applied … or … was last employed." This clearly indicates individualized arbitration as it would be impossible to comply with this clear procedural directive requiring separate arbitrations for each Applicant in separate cities where the individual applied or worked and, at the same time, allowing a single class wide arbitration in a single city where an individual party to the Agreement did not apply or work. The unambiguous language in the Agreement cannot be reconciled with a statewide class action before a single arbitrator on behalf of loan consultants all over California. The central premise under the FAA is that arbitration agreements are enforced as written. Congress mandated in the FAA that, if in the agreement provision be made for a method of naming or appointing an arbitrator … such method shall be followed." 9 U.S.C. § 5 and Section 1281.6 of the California Code of Civil Procedure. Since Caliber has numerous locations throughout California with loan consultants applying and working in various cities throughout the state, under the plain language of the Agreement, it would be impossible to maintain a statewide class action arbitration in "the city … where the Applicant applied … or … was last employed … before a single arbitrator." Therefore, following the Stolt-Nielsen mode of analysis, it is not possible to infer from this clear procedural language that Caliber consented to such a single locale class proceeding.

Based on my evaluation and consideration of all of the language in the Agreement, I find that the terms of the Agreement use language that consistently indicates a choice for an individualized arbitration process, with no language indicating an intent for class arbitration.

### Summary of Findings and Conclusion

I find that the Agreement is silent on the availability of class arbitration and contains no terms directly authorizing class claims or class action procedures. The Agreement requires Claimant and Caliber to arbitrate the "Applicant's" claims. "Applicant" is defined singularly and without reference to anyone else as the "individual named below." The Agreement states "both parties … agree to the use of binding arbitration pursuant to the procedures referenced in this Agreement" and the procedures in the Agreement require the arbitration to be "conducted in the city and state where the Applicant applied for employment or was last employed" and, that the hearing "will be held before a single neutral arbitrator agreed upon by the parties." Each of these specific requirements and procedures are consistent with an individual arbitration and wholly inconsistent with any intent by the parties to engage in multi-party class arbitration.

7

I therefore find, after reviewing all of the language of the Agreement, that the terms of the Agreement clearly indicate the parties' arbitration agreement in this case did not intend or authorize arbitration to proceed on behalf of a class.

This Partial Final Clause Construction Award expresses no opinion on the substantive merits of Lyubarsky's claims.  Pursuant to Rule 3 of the AAA Supplemental Rules for Class Arbitration, all proceedings in this matter are stayed through November 10, 2018 to permit any party to move a court of competent jurisdiction to confirm or vacate this clause construction award.  Each party should promptly notify the Case Manager and the arbitrator upon the filing of any such motion.

Dated:   October 10, 2018

_____
Mary S. Jones, Arbitrator